■ In the Matter of ANONYMOUS, an Applicant for Admission to the Bar. [859 NYS2d 389]—

Per Curiam. Applicant passed the July 2003 New York State bar exam and the State Board of Law Examiners has certified him for admission to this Court (*see* 22 NYCRR 520.7). The Committee on Character and Fitness has investigated his application for admission and conducted an interview of applicant (*see* 22 NYCRR 805.1).

The application for admission raises serious character and fitness concerns. From 1990 through 2004 applicant was involved in a number of motor vehicle violations that have affected his driving privileges, was terminated from employment for misconduct at two schools and a youth treatment facility located in three different states, was repeatedly less than candid about his past conduct, was reprimanded for failure to disclose his arrest record on his law school application, and was diagnosed with alcohol and marihuana dependence in 2004. He is presently in treatment with a psychologist for his diagnosed conditions.

In May 2007, applicant was conditionally admitted in Connecticut. The conditions require applicant to (1) continue treatment with his psychologist, (2) abstain from any use of cannabis, (3) submit to random cannabis use tests, and (4) submit pertinent reports of his compliance with the conditions and from his psychologist.

Under the circumstances presented, we conclude that ap-

plicant does not presently possess "the character and general fitness requisite for an attorney and counsellor-at-law" in this state (Judiciary Law § 90 [1] [a]). We further conclude that applicant should be denied admission, without prejudice to renewal of his application after one year from the date of this decision.

Cardona, P.J., Spain, Lahtinen, Kane and Stein, JJ., concur. Ordered that applicant's application for admission to the New York State bar is denied without prejudice to renewal of his application after one year from the date of this decision.